UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY-MARIE ROGERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>AUSDAL FINANCIAL PARTNERS, )<br>INC., and JOAN NORTON, )<br>)<br>Respondents. )<br>) | Civil Action No.<br>15-12899-FDS |

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO DISMISS

**SAYLOR, J.**

This is an action to confirm an arbitration award entered in resolution of a dispute between petitioner Cindy-Marie Rogers and respondents Joan Norton and Ausdal Financial Partners, Inc. On June 17, 2015, Rogers filed a "Petition to Confirm Arbitrators' Award" in Suffolk Superior Court. Norton and Ausdal removed the petition to federal court and filed an "Answer" that included a "Counterclaim Seeking to Vacate [or] Modify the Award." On July 24, 2015, Rogers filed a Rule 12(b)(6) motion to dismiss the counterclaim.

For the following reasons, Rogers's motion will be denied without prejudice.

**I.     Background**

The following facts appear to be undisputed.

In 2010, petitioner Cindy-Marie Rogers consulted with respondent Joan Norton, a registered representative of respondent Ausdal Financial Partners, concerning the purchase of an

annuity. Following that consultation, Rogers purchased a variable annuity and retired from her job with Verizon Communications.

Rogers eventually became dissatisfied with the annuity's performance. She filed an arbitration claim against Norton and Ausdal on May 16, 2014, alleging that Norton had falsely told her that the annuity would sustain annual withdrawals of $44,000. On June 8, 2015, a three-member arbitration panel issued an award in favor of Rogers in the amount of $1,240,000.

On June 17, 2015, Rogers filed a "Petition to Confirm Arbitrators' Award" in Suffolk Superior Court. Norton and Ausdal removed the petition to federal court and filed an "Answer" that included a "Counterclaim Seeking to Vacate [or] Modify the Award." On July 24, 2015, Rogers filed a Rule 12(b)(6) motion to dismiss the counterclaim.

## II. Analysis

Section 6 of the Federal Arbitration Act directs that "any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. That means that the Federal Rules of Civil Procedure generally do not apply to actions to confirm, modify, or vacate arbitration awards. *See* Fed. R. Civ. P. 81(a)(3); *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570–71 (7th Cir. 2007). Thus, respondents' request for the Court to vacate or modify the arbitration award should have been titled as a motion instead of as an answer or counterclaim. *See Webster*, 507 F.3d at 570–71.

The court, however, has the power to treat respondents' "counterclaim" as a motion if, despite its form, its substance is that of a motion. *See Contech Const. Products, Inc. v. Heierli*, 764 F. Supp.2d 96, 106 (D.D.C. 2011) ("Federal courts . . . have discretion to treat a petition to vacate as a motion if the parties have fully developed the issue or issues for the court."); *Questar*

*Capital Corp. v. Gorter*, 909 F. Supp.2d 789, 799-804 (W.D. Ky. 2012) ("[T]he critical distinction is whether the filing seeking vacatur presents itself as a pleading . . . or as a motion.").

In substance, respondents' filing meets the requirements to constitute a motion. Fed. R. Civ. P. 7(b)(1) states that a motion "must: (A) be in writing. . . ; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." The filing is 19 pages long and includes both the factual and legal bases for respondents' request that the award be vacated or modified. Accordingly, the Court will treat the counterclaim as a motion to vacate or modify the arbitration award.

A Rule 12(b)(6) motion to dismiss is not the proper mechanism for contesting a motion to vacate or modify an arbitration award. *Webster*, 507 F.3d at 570–71; *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 745–46 (11th Cir. 1988). Therefore, to the extent that Rogers's motion to dismiss respondents' counterclaim attacks the merits of the "counterclaim," it is itself procedurally improper and will be denied without prejudice.

Although the Court recognizes that the parties have supplied some briefing as to the merits of respondents' contention that the panel's award should be vacated, the Court is unable to issue a ruling either confirming or vacating the award without the benefit of a factual record. To that end, respondents should re-file an appropriately titled motion to vacate or modify the arbitration award, along with a memorandum of law and any supporting affidavits or other documents, in accordance with Local Rule 7.1(b).

## IV.     Conclusion

For the foregoing reasons,

1. Petitioner Rogers's motion to dismiss is DENIED without prejudice; and

2.	Respondents Norton and Ausdal are ORDERED to re-file a new motion seeking vacatur or modification of the award, along with a memorandum of law as required under Local Rule 7.1(b), no later than November 6, 2015.

3.	Petitioner shall respond to the motion no later than November 20, 2015.

**So Ordered.**

Dated: October 14, 2015

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge